IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| AMANDA McDANIEL,<br>    PLAINTIFF,<br><br>v.<br><br>NATIONWIDE CAPITAL SERVICES, LLC<br>d/b/a STRUCTURED SETTLEMENT, and<br>WESTERN SURETY COMPANY,<br>    DEFENDANTS. | CASE NO:  6:23-cv-13 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by Nationwide Capital Services, LLC ("Nationwide").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Amanda McDaniel ("Plaintiff"), is an adult individual residing in Runnels County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Nationwide is a Nevada company.

1

8. As will be described below, Nationwide purchased an Account allegedly owed by Plaintiff from a third-party for the purpose of collecting on that Account to make a profit.

9. As will be described below, Nationwide directed communications to Plaintiff for the purpose of collecting the Account in question from her.

10. The principal purpose of Nationwide is the collection of debts by using the mails and telephone and other means.

11. Nationwide regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Nationwide is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

13. Defendant Western Surety Company ("Western") is the surety company for the bond Nationwide has on file with the Texas Secretary of State, bond number 26296957. Western is liable for acts committed by Nationwide pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

14. Western is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## **FACTUAL ALLEGATIONS**

15. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on

a payday loan obtained from Credit Ninja ("the Account"), the funds from which were used to pay for various personal effects, but were not used for any business or commercial purposes.

16. The Accounts constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

17. The Account allegedly went into default with the original creditor.

18. After the Account allegedly went into default, the Account was purchased by Nationwide for collection.

19. In the regular course of its business, Nationwide uses the business name of Structured Settlement and may be known by that name to its vendors, creditors and customers.

20. Nationwide then contacted Plaintiff directly to collect on the Account from Plaintiff.

21. Plaintiff admits the existence of the Accounts, but disputes the amounts Nationwide attempted to collect from her.

22. Plaintiff requests that Nationwide cease all further communications regarding the Account.

23. During the week of August 15, 2022, Nationwide called Plaintiff and left a voicemail message for Plaintiff that stated:

> Uh, good evening. This message is solely intended for Miss Amanda. Hi, this is Matt. I'm calling from Structured Settlement. I'm currently conducting a review on your file in my office. It seems like you had a conversation with the representative here in another department and looking into your notes, I see this has been red flagged. I really wanted to speak with you and give you an opportunity to respond on your behalf and let me know if there was anything I could take into consideration before I turn in my recommendation. I don't have a lot of time. I need you to contact my office so we can discuss this and resolve this matter amicably. I can be reached at 888-585-2112. If you'd like to give me a call back as soon as you get this message, it would be greatly appreciated. This is an attempt to collect a debt and the information obtained would be used for that purpose. I do look forward to speaking with you. Thank you.

24. In a live call with Plaintiff, Nationwide told Plaintiff that if the Account was not repaid immediately her "file" would be forwarded to Runnels County and Plaintiff would be sued and a judgment would be obtained. Nationwide further threatened to serve Plaintiff with court paperwork and to garnish Plaintiff's wages.

25. Nationwide also belittled and humiliated Plaintiff by telling her that the payments she agreed to make on the Account "bounced like a basketball on a basketball court."

26. Nationwide further threatened to contact Plaintiff's employer to verify her employment and to get the amount of Plaintiff's last pay check. When Plaintiff told Nationwide not to call her employer, Nationwide said that it can do whatever it wants to do and that it would call regardless of whether Plaintiff objected.

27. Plaintiff told Nationwide not to call her anymore but a few days later, Nationwide called Plaintiff again and told her "this is your last chance, Amanda." Nationwide also told Plaintiff that she committed fraud and that she was a liar.

28. When Plaintiff started asking questions about the Account, Nationwide's employee hung up on her.

29. Nationwide used the language of the communications described above on purpose. It wanted to scare Plaintiff into making a payment by making Plaintiff think that she was about to be sued.

30. The direct or implied threats to sue her were false, deceptive and misleading. Nationwide had no present intention of suing Plaintiff at the time the threats were made.

31. The communications described above would cause the least sophisticated consumer to believe that a lawsuit imminently would be filed against her and that an attorney was

working on recovery of the Account for Nationwide and that wage garnishment was an available means of collecting the Account.

32. As of the filing of the Complaint in this matter no lawsuit has been filed against Plaintiff on the Account and no garnishments have been started.

33. Nationwide never informed Plaintiff of her right to dispute the Account or to request validation of the Accounts.

34. Nationwide's collection practices caused Plaintiff to suffer fear, stress, mental anguish, depression and/or distraction from normal life.

35. Nationwide 's purpose for calling Plaintiff was to attempt to collect the Account.

36. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

37. All of the conduct by Nationwide and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

38. As a consequence of Nationwide's collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k and damages, an injunction, attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

39. The representative(s) and/or collector(s) at Nationwide were employee(s) and/or agents of Nationwide at all times mentioned herein.

40. The representative(s) and/or collector(s) at Nationwide were acting within the course of their employment at all times mentioned herein.

41. The representative(s) and/or collector(s) at Nationwide were under the direct supervision and control of Nationwide at all times mentioned herein.

42. Nationwide was aware of and profited from the collection methods and practices used by Nationwide's employees.

43. The actions of the representative(s) and/or collector(s) at Nationwide are imputed to their employer, Nationwide.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq. BY NATIONWIDE CAPITAL SERVICES, LLC

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of Nationwide and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and § 1692d(2) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13)&(14) and §1692g(a).

46. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Nationwide.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY NATIONWIDE CAPITAL SERVICES, LLC

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Nationwide and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(a)(7)&(8) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

49. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against Nationwide enjoining it from future violations of the Texas Finance Code as described herein.

50. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from Nationwide.

51. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from Nationwide.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY NATIONWIDE CAPITAL SERVICES, LLC

52. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Nationwide is liable to Plaintiff for colluding with Nationwide to invade Plaintiff's privacy (intrusion on seclusion).  Nationwide intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

53. Plaintiff suffered actual damages from Nationwide as a result of the intrusion on Plaintiff's privacy.

### COUNT IV:  IMPUTED LIABILITY OF WESTERN SURETY COMPANY FOR LIABILITY OF NATIONWIDE CAPITAL SERVICES, LLC

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of Nationwide and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(a)(7)&(8) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19) and §392.306 are imputed to Western pursuant to Tex. Fin. Code § 392.102.

56. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Western.

## EXEMPLARY DAMAGES

57. Exemplary damages should be awarded against Nationwide and/or Nationwide because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Nationwide and/or Nationwide to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that Nationwide's and/or Nationwide's actions and/or omissions (i) when viewed objectively from Nationwide's and/or Nationwide's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Nationwide and/or Nationwide had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

58. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

59. Judgment in favor of Plaintiff and against Nationwide Capital Services, LLC d/b/a Structured Settlement as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e.  An injunction permanently enjoining Nationwide following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    f.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

    g.  Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    h.  Such other and further relief as the Court deems just and proper.

60.  Judgment in favor of Plaintiff and against Western Surety Company as follows:

    a.  Damages and reasonable attorney's fees and costs as awarded to Plaintiff against Nationwide pursuant to Tex. Fin. Code § 392.403;

    b.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
THE WOOD FIRM, PLLC
209 Hubbard Drive
Heath, TX  75032
TEL:  214-914-8374
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff